# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| MAURICE LAVELL JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CV417-044 |
| NURSE MONROE, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Maurice Lavell Johnson brings this 42 U.S.C. § 1983 action against a Correct Care medical staff nurse at Chatham County Detention Center (CCDC). The Court is screening his Complaint under 28 U.S.C. § 1915A.[1]

---

[1] Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, to establish procedures to govern civil complaints filed in federal court by prisoners and other detainees. Among the PLRA's procedures is the requirement for this Court to conduct an early screening in all civil cases of any complaint in which a prisoner seeks redress from a government entity or official. *See* 28 U.S.C. § 1915A. The purpose of the early screening is to "identify cognizable claims" in the prisoner's complaint and to dismiss any claims that: (1) are frivolous; (2) are malicious; (3) fail to state a claim upon which relief can be granted; or (4) seek monetary relief from a defendant immune from such relief. *Id*. Similarly, 42 U.S.C. § 1997e(c)(2) allows the Court, under the same four standards for dismissal listed in § 1915A, to dismiss any prisoner suit brought "with respect to prison conditions." Therefore, the Court examines Plaintiff's Complaint to determine whether he has stated a claim for relief under 42 U.S.C. § 1983.

## I. BACKGROUND[2]

Johnson is incarcerated at CCDC. Doc. 1 at 1. He alleges that on November 11, 2016, he began spitting up blood. He complained to an officer, who called for medical assistance. *Id.* Nurse Monroe responded, but in lieu of "giving plaintiff appropriate medical assistance" placed plaintiff on suicide watch. *Id.* at 5. Johnson objected that he was not suicidal or suffering from a mental health issue, but was still taken to the medical unit and placed in a suicide-hold cell without any care for his "physical injury." *Id.* He seeks $250,000 in "compensation damages" and $250,000 in "punitive damages" for this "unlawful act." *Id.* at 6.

## II. ANALYSIS

### A. Administrative Exhaustion

As a preliminary matter, dismissal for failure to exhaust administrative remedies is not proper at this stage. Under the PLRA exhaustion provision, a prisoner must exhaust all available administrative remedies before filing an action that challenges the

---

[2] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the complaint are taken as true and construed in the light most favorable to the plaintiff, *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

conditions of his confinement. *See* 42 U.S.C. § 1997e(a). Exhaustion is a "pre-condition to suit" that must be enforced even if the available administrative remedies are either "futile or inadequate." *Harris v. Garner*, 190 F.3d 1279, 1285-86 (11th Cir. 1999); *see also Jones v. Bock*, 549 U.S. 199, 199-200 (2007) ("There is no question that exhaustion is mandatory under the PLRA").

Plaintiff's allegations are, at least on preliminary review, sufficient to satisfy the exhaustion requirement as to his Eighth Amendment claim for denial of medical care. He says that he filed a grievance but "wasn't allowed to appeal for some reason." Doc. 1 at 3-4. In the face of those allegations, dismissal for failure to exhaust would be improper. *See Cole v. Secretary, Department of Corrections*, 451 F. Appx. 827, 828 (11th Cir. 2011) ("The exhaustion requirement is an affirmative defense, and a prisoner is not required to plead or demonstrate exhaustion in his complaint") (citing *Jones*, 549 U.S. at 216).[3]

---

[3] If, however, defendant moved to dismiss and put forward proof showing that plaintiff failed to exhaust and defendants did not inhibit his efforts to do so, the PLRA requires the Court to dismiss his claims. *See Turner v. Burnside*, 542 F.3d 1077, 1082 (11th Cir. 2008); *Harris*, 190 F.3d at 1285-86. Not only does the PLRA require exhaustion, it "requires proper exhaustion," *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), which means an inmate must "us[e] all steps" in the administrative process, and comply with any administrative "deadlines and other critical procedural rules," before filing a complaint about prison conditions in federal court. *Id.* at 89-91

3

B.  **Constitutional Violations**

Plaintiff fails to allege an Eighth Amendment claim for denial of medical care against Nurse Monroe. Prison officials' deliberate indifference "'to an inmate's serious medical needs'[4] violates the inmate's right to be free from cruel and unusual punishment." *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) (quoting *Estelle v. Gamble*, 429 U.S. 972 104 (1976)); *see Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety). Here, however, plaintiff has failed to demonstrate "an objectively serious need, an objectively

---

(citation omitted); *see also Lambert v. United States*, 198 Fed. Appx. 835, 840 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by" prison officials). If a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, he procedurally defaults his claims. *Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir. 2005).

[4]  A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003); *see, e.g., Hutchinson v. N.Y. State Corr. Officers*, 2003 WL 22056997 at * 5 (S.D.N.Y. Sept. 4, 2003) (a "condition of urgency, one that might produce death, degeneration or extreme pain"). Only "those deprivations denying the 'minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Mere 'malpractice' allegations do not suffice." *Jackson v. Franks*, 2012 WL 6626020 at * 1 (S.D. Ga. Dec. 19, 2012).

4

insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).

At best, plaintiff alleges that after reporting some sort of injury (spitting up blood due to unknown causes), the prison medical staff initiated an adequate treatment protocol (put him on suicide watch, under observation by medical staff, where his symptoms improved (lasting only two hours) and have not recurred) and refused to conduct some unspecified further treatment that he considers necessary. Plaintiff's *disagreement* with the type of conservative care provided to him, however, is simply not enough to demonstrate deliberate indifference to a serious medical need. *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985) (a prisoner cannot establish a violation simply because he "may have desired different modes of treatment" than that which was provided to him); *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) ("mere accidental inadequacy, negligence in diagnosis or treatment, [and] even medical malpractice" do not give rise to § 1983 liability); *see also Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (even gross negligence is insufficient to establish a constitutional

5

violation).

While a "doctor's decision to take an easier and less efficacious course of treatment" may constitute deliberate indifference, *Wallace v. Sheriff*, 518 F. App'x 621, 622 (11th Cir. 2013), differences of opinion between an inmate and medical staff in how to treat an injury do not, *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989). *See Gonzalez v. Sarreck*, 2011 WL 5051341 at * 18 (S.D.N.Y. Oct. 24, 2011) ("It is well settled that 'disagreements over medications, diagnostic techniques, forms of treatment, or the need for specialists or the timing of their intervention' are insufficient under § 1983"). At most, plaintiff's claim against Nurse Monroe -- for not providing more aggressive treatment -- support a medical malpractice claim. Because that's not actionable under 42 U.S.C. § 1983, *see Estelle*, 429 U.S. at 105, he fails to state a claim under either the Eighth or Fourteenth[5] Amendments.

---

[5] Though plaintiff also lists the Fourteenth Amendment, as a prisoner his denial of medical care claim proceeds under the Eighth Amendment. *Cf. Thomas v. Town of Davie*, 847 F.2d 771, 772-72 (11th Cir. 1988); *Morrison v. City of Atlanta*, 614 F. App'x 445, 448-49 (11th Cir. 2015) (a *pre-trial detainee's* denial of medical care claim proceeds under the Fourteenth Amendment, which reverse incorporates the Eighth Amendment to state actors).

## C. Leave to Amend

Though a *pro se* prisoner normally should be given an opportunity to amend his complaint at least once, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014); *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010), "a district court need not allow amendment if the amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Plaintiff's denial of medical care claim is dead on arrival, and does not appear amendable.[6]

## III. CONCLUSION

Accordingly, Maurice Johnson's Complaint should be **DISMISSED without prejudice**. Meanwhile, it is time for Johnson to pay his filing fee. His PLRA paperwork reflects $66.71 in average monthly deposits and a $32.75 average reserved monthly balance over the six month period prior to the date of his Prison Account Statement. Doc. 4. He therefore owes a $13.34 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a

---

[6] Despite the lack of any apparent basis for viable amendment, Johnson's opportunity to object to this Report and Recommendation within 14 days of service, see *infra*, affords him an opportunity to resuscitate his case. He may also submit an Amended Complaint during that period, if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163 at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503 at * 1 (W.D. Mich. Jan. 19, 2011)).

7

specific 20 percent formula).  Plaintiff's custodian (or designee) shall remit the $13.34 and shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required.  In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian.  The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

**SO ORDERED**, this __13th__ day of April, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA