IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MAURICE LAVELL JOHNSON,     *
                                           *
     Plaintiff,                  *
                                           *    CIVIL ACTION NO.
v.                                          *    CV 417-044
                                           *
NURSE MONROE,                 *
                                           *
     Defendant.                *

# O R D E R

On April 13, 2017, the United States Magistrate Judge entered a Report and Recommendation recommending dismissal of Petitioner Maurice Lavell Johnson's suit brought pursuant to 42 U.S.C. § 1983. (Doc. 6.) In particular, the Magistrate Judge concluded that Petitioner had failed to state a claim for deliberate indifference to a serious medical need because his factual allegations failed to rise to the requisite standard. Instead, Petitioner's allegations showed only that he disagreed with the type of conservative care provided to him. (Id. at 4-6.) At the conclusion of the Report and Recommendation, Petitioner was informed that he could file an Amended Complaint within his objection period if he felt he could cure the pleading problem. (Id. at 7 n.6.)

Petitioner's objections to the Report and Recommendation were due by April 28, 2017. Prior to that deadline, Petitioner filed a motion for extension of time, complaining that until he is designated as "pro-se counsel," he could not

gain access to legal materials at the Chatham County Detention Center ("CCDC"). (Doc. 7.) Before the Court could rule on the matter, however, Petitioner filed objections to the Report and Recommendation on May 3, 2017.[1] The objections reiterated his alleged denial of meaningful access to legal materials, and Petitioner also complained that he could not state a claim without obtaining medical research to include the standard operating procedures for medical care of detainees at the CCDC.

Upon review of Petitioner's complaint, the Report and Recommendation, and his objections thereto, this Court adopted the Report and Recommendation in its entirety and dismissed the case. Presently, Petitioner has filed a motion for reconsideration in which he complains that he did not have an adequate opportunity to provide proper objections and requests access to the prison's standard operating procedures.

It appears that Petitioner has missed the point of the legal problem he faces. Petitioner's claim was dismissed because he had failed to state ***facts*** sufficient to show that Defendant Nurse Monroe was deliberately indifferent to his serious medical needs. The facts are within the purview of Petitioner, not in the prison's operating protocols and procedures. Petitioner is not required to show or even allege

---

[1] Petitioner deposited his objections in the mail on April 25, 2017, three days prior to the deadline; accordingly, the objections were timely filed.

that certain medical protocols were not followed; rather, he is required to allege facts that show he was treated with deliberate indifference to a serious medical need.[2] Petitioner failed to do so in his complaint, and he did not take the opportunity to do so through an amended complaint. Accordingly, nothing has changed that would warrant reversal of this Court's decision to dismiss the complaint.

Upon the foregoing, Petitioner's motion for reconsideration (doc. 11) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 31st day of May, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Mann v. Taser Internat'l, Inc., 588 F.3d 1291, 1307 (11th Cir. 2009) (quoted source omitted). Deliberate indifference to a serious medical need offends "'evolving standards of decency.'" Id. (quoting Estille v. Gamble, 429 U.S. 97, 106 (1976)). A plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004).

In the instant case, Petitioner was treated for his serious medical condition, spitting up blood, by placing him under observation of the medical staff. Petitioner's condition improved, necessitating no further treatment. No reasonable jury could find that Defendant acted with deliberate indifference under these factual circumstances.

3